⚡ EFILED IN OFFICE
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA
**21-SCCV-092526**
JBH
FEB 24, 2021 09:37 AM

Patricia M. Graves, Clerk of State Court
Bibb County, Georgia

IN THE STATE COURT OF BIBB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| **DORETHA HARDEN,** | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. _____ |
| | : | |
| v. | : | |
| | : | |
| **FAMILY DOLLAR STORES OF** | : | |
| **GEORGIA, LLC,** | : | |
| Defendant. | : | |

## COMPLAINT

COMES NOW, Doretha Harden, Plaintiff, and makes and files this complaint against Defendant Family Dollar Stores of Georgia, LLC, as follows:

### PARTIES AND JURISDICTION

1.

Plaintiff, Doretha Harden, is a resident of Bibb County, Georgia, and is subject to the jurisdiction of this court.

2.

Family Dollar Stores of Georgia, LLC, is a is a foreign limited liability company existing under the laws of Virginia with its principal place of business in Virginia and may be served through its registered agent Corporation Service Company at 40 Technology Pkwy South, Suite 300, Norcross, Georgia, 30092, and is subject to the jurisdiction of this court.

3.

Pursuant to Article VI, Section II, Paragraph VI of the Georgia Constitution, Article VI, Section II, Paragraph IV of the Georgia Constitution, O.C.G.A. § 14-2-510, and O.C.G.A. § 9-10-31, venue is proper against Defendant in this Court

### BACKGROUND

4.

On November 7, 2018, Plaintiff was an invitee at The Family Dollar Store (hereinafter "Premises") located at 800 Pio Nono Avenue in Macon, Georgia.


EXHIBIT "A"

5.

Plaintiff slipped and fell on an unknown foreign substance on the floor of the premises.

6.

There were no cones or other warnings in the area of the foreign substance at the time of the fall.

7.

Defendant had exclusive ownership, possession and control over the premises at all times relevant to this litigation.

8.

As a result of Plaintiff's fall as pled in paragraph 5, she suffered severe injuries to her knees and back. As a direct and proximate result of Plaintiff's fall and injuries, Plaintiff incurred necessary and reasonable medical expenses in excess of $100,000.00.

## COUNT 1
## PREMISES LIABILITY

9.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 8 above as if fully restated.

10.

Plaintiff was an invitee on the premises at the time of the fall.

11.

Defendant owed a nondelegable duty of reasonable care in keeping the premises safe for invitees such as plaintiff.

12.

Defendant was negligent in failing to properly inspect the area where the fall occurred, in failing to remove the hazard from the floor, in failing to take adequate measures to protect invitees from substances on the floor and in failing to keep the premises safe for invitees.

13.

Defendant's negligence was the proximate cause of Plaintiff's injuries.

## COUNT 2
## VICARIOUS LIABILITY

14.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 13 above as if fully restated.

15.

At all times relevant to this action, the individuals responsible for inspecting, cleaning and maintaining the area where Plaintiff fell were employed by Defendant and were acting within the scope of their employment.

16.

Defendant is responsible for the conduct of these individuals under the doctrine of respondeat superior, agency or apparent agency.

## COUNT 3
## NEGLIGENT TRAINING & SUPERVISION

17.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 16 above as if fully restated.

18.

Defendant was negligent in failing to adopt appropriate policies and procedures to make sure that appropriate inspections, cleaning and maintenance were performed on the premises and in failing to train its employees concerning safety procedures for inspecting, cleaning and maintaining the premises.

19.

Defendant was negligent in training and supervising its staff.

20.

As a result of Defendant's negligence in training and supervising its employees, plaintiff was injured on the premises.

WHEREFORE, Plaintiff prays that she have a trial on all issues and judgment against Defendant as follows:

(a) That Plaintiff recover the full value of past and future medical expenses in an amount to be proven at trial;

(b) That Plaintiff recover for mental and physical pain and suffering and emotional distress in an amount to be determined by the enlightened conscience of the jury;

(c) That Plaintiff recover such other and further relief as is just and proper;

(d) That all issues be tried before a jury.

Respectfully submitted, this 24th day of February, 2021.

/s/ Austin R. Goble
AUSTIN R. GOBLE
Georgia Bar Number: 193153
Attorney for Plaintiff

MAYO HILL
577 Mulberry Street, Suite 720
P.O. Box 4628
Macon, Georgia 31208
478-238-9898
austin@mayohill.law

## STATE COURT OF BIBB COUNTY
## STATE OF GEORGIA

CIVIL ACTION NUMBER 21-SCCV-092526

Harden, Doretha Ms.

**PLAINTIFF**

**VS.**

Family Dollar Stores of Georgia, LLC

**DEFENDANT**

### SUMMONS

TO: FAMILY DOLLAR STORES OF GEORGIA, LLC

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Austin Goble**
**Mayo Hill**
**577 Mulberry Street; Suite 720**
**P.O. Box 4628**
**Macon, Georgia 31201**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If this action pertains to a Protective Order, the Answer is to be filed and served on or before the scheduled hearing date attached. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 24th day of February, 2021.**

Clerk of State Court

_____
Patricia M. Graves, Clerk of State Court
Bibb County, Georgia

Page 1 of 1