# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| DORETHA HARDEN, | |
| Plaintiff, | CIVIL ACTION FILE<br>NO. 5:21-CV-00105-TES |
| v. | |
| FAMILY DOLLAR STORES OF GEORGIA, LLC, | |
| Defendant. | |

## CONSENT CONFIDENTIALITY ORDER

Whereas, Plaintiff Doretha Harden and Defendant Family Dollar Stores of Georgia, LLC (hereinafter referred to collectively as the "parties"), through their respective counsel, have stipulated that certain discovery material is and should be treated as confidential, and have agreed to the following terms of this Order:

1. **Scope.** All documents produced in the course of discovery, all responses to discovery requests, all deposition testimony and deposition exhibits, and any other materials which may be subject to discovery (hereinafter referred to collectively as "document" or "documents") shall be subject to this Order concerning confidential information as set forth below.

2. **Form and Timing of Designation.** Confidential documents shall be so designated by placing or affixing the word "CONFIDENTIAL" on the document in a manner which will not interfere with the legibility of the document and which will permit complete removal of the confidential designation. Documents shall be designated CONFIDENTIAL prior to, or contemporaneously with, the production or disclosure of the documents. Inadvertent or unintentional production of documents without prior designation as CONFIDENTIAL shall not be deemed a

waiver, in whole or in part, of the right to designate documents CONFIDENTIAL as otherwise allowed by this Order.

3. **Depositions.** Portions of depositions shall be deemed CONFIDENTIAL to the extent such testimony involves information contained within documents marked CONFIDENTIAL.

4. **Protection of Confidential Material.** Documents designated CONFIDENTIAL under this Order shall not be used or disclosed by the parties, counsel for the parties, or any other persons for any purposes whatsoever other than preparing for and conducting the litigation in which the documents were disclosed (including any appeal of that litigation). Those individuals with approval to view such material shall include: counsel; in-house counsel employed by a party; non-attorney employees of a party; court reporters engaged for depositions; those persons, if any, specifically engaged for the limited purpose of making photocopies of documents; consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit; and other persons only upon consent of the producing party or upon order of the Court and on such conditions as are agreed to or ordered.

5. **Control of Documents.** Counsel for the parties shall take reasonable efforts to prevent unauthorized disclosure of documents designated CONFIDENTIAL pursuant to the terms of this Order.

6. **Copies.** All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents designated CONFIDENTIAL under this Order or any portion of such a document, shall be immediately affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy. All such copies shall be afforded the full protection of this Order.

7. **Filing of Materials Designated CONFIDENTIAL.** In the event a party seeks to file any material that is subject to protection under this Order with the Court, that party shall take appropriate action to insure that the documents receive proper protection from public disclosure including: (1) filing a redacted document with the consent of the party who designated the document CONFIDENTIAL; (2) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the documents solely for *in camera* review; or (3) where the preceding measures are not adequate, seeking permission to file the document under seal. Absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to submit the document to the Court shall first consult with counsel for the party who designated the document CONFIDENTIAL to determine if some measure less restrictive than filing the document under seal may serve to provide adequate protection. This duty exists irrespective of the duty to consult on the underlying motion.

8. **Treatment on Conclusion of Litigation.** All provisions of this Order restricting the use of documents designated CONFIDENTIAL shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered.

9. **Return of Materials.** Within thirty (30) days after the conclusion of the litigation, including conclusion of any appeal, all documents treated as CONFIDENTIAL under this Order shall be returned to the producing party unless: (1) the document has been entered as evidence or filed (unless introduced or filed under seal); (2) the parties stipulate to destruction in lieu of return; or (3) as to documents containing the notations, summations, or other mental impressions of the receiving party, that party elects destruction. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product including an index which refers or relates to information designated CONFIDENTIAL so long as that work product does not duplicate verbatim

substantial portions of the text of CONFIDENTIAL documents. This work product continues to be CONFIDENTIAL under the terms of this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose the CONFIDENTIAL documents.

**10. Inadvertently Produced Documents.** The parties shall make reasonable efforts to prevent the inadvertent production of materials protected by work product immunity, the attorney-client privilege, or other legal privilege. However, inadvertent production of documents or electronically stored information (hereinafter referred to collectively as "Inadvertently Produced Documents") subject to work product immunity, the attorney-client privilege, or other legal privilege protecting information from discovery, shall not constitute a waiver of the immunity or privilege provided that the producing party notifies the receiving party of the inadvertent disclosure and requests a return of such material. Pursuant to the foregoing, the receiving party shall return the Inadvertently Produced Documents to the producing party or destroy them as agreed between the parties. Furthermore, all notes or other work product of the receiving party reflecting the contents of such materials shall be destroyed and not used. No use shall be made of such Inadvertently Produced Documents during depositions or at trial, nor shall they be disclosed to anyone who was not given access to them prior to the request to return or destroy them unless otherwise ordered by the Court.

**11. Order Subject to Modification.** This Order shall be subject to modification on motion of any party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order. The Order shall not, however, be modified until the parties shall have been given notice and an opportunity to be heard on the proposed modification.

**12. Persons Bound.** This Order shall take effect when entered and shall be binding upon (1) counsel who signed below, (2) their respective law firms, and (3) their respective clients.

IT IS SO ORDERED, this ___ day of _____, 2021.

**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

WE CONSENT:

_Cameron Woodward (By pms w/ express permission)_
**CAMERON WOODWARD**
State Bar No. 898829
*Attorney for Plaintiff Doretha Harden*

MAYO HILL
577 Mulberry Street, Suite 720
Macon, Georgia 31208

**R. MATTHEW SHOEMAKER**
State Bar No. 339367
**JORDAN B. ELLIOTT**
State Bar No. 861627
*Attorneys for Defendant Family Dollar Stores of Georgia, LLC*

JONES CORK, LLP
435 Second Street
Fifth Floor, SunTrust Bank Building
P. O. Box 6437
Macon, Georgia 31208-6437

5